UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 13 2012
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Robert L. Bolton, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1272 (UNA) |
| ) | |
| Nancy Allen *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed under the *Younger* abstention doctrine discussed below.

The plaintiff appears to be a pretrial detainee at the Correctional Treatment Facility in the District of Columbia. *See* Complaint for Violation of Civil Rights ("Compl.") at 4. The plaintiff sues Judge Herbert B. Dixon of the Superior Court of the District of Columbia, United States Attorney for the District of Columbia Ronald C. Machen, and other individuals who are participating in his criminal prosecution, for allegedly failing to protect his constitutional rights during his arrest and indictment, between January and June of 2012. *See id.* at 6-7. The plaintiff "would like this Honorable Court to dismiss" his criminal case "with prejudice." *Id.* at 5. He also seeks his "immediate release" and $50,000 in monetary damages from each defendant. *Id.*

The proper recourse for the plaintiff is to apply for a writ of habeas corpus under 28 U.S.C. § 2241, but "a federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Pennzoil Co., v. Texaco, Inc.*, 481 U.S. 1, 9-10 (1987)). Such is the case here because

the plaintiff will have the opportunity to litigate the underlying claims of this action in the pending criminal proceeding in Superior Court. *See Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996) (finding *Younger* doctrine applicable "when there are ongoing [judicial] state proceedings [that] implicate important state interests [and] afford an adequate opportunity in which to raise the federal claims"); *Reed v. Caulfield*, 734 F. Supp. 2d 23, 24-25 (D.D.C. 2010) ("[W]hile Section 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, it is established that federal courts generally should abstain from the exercise of that jurisdiction 'if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)); *see also Williams v. Warden-Cent. Det. Facility*, 538 F. Supp. 2d 74, 76 (D.D.C. 2008) ("Federal courts, respecting comity, will interfere with 'state courts only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'") (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)). In addition, it appears from the allegations that the plaintiff would not be entitled to monetary damages without first having his detention officially invalidated by, *inter alia*, a court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Given "the fundamental policy against federal interference with state criminal prosecutions" absent a showing of irreparable injury that is "both great and immediate," *Younger*, 401 U.S. at 46, this Court, finding no such harm shown, will dismiss the instant action.[1]

DATE: October 28, 2012

United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.